CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
December 19, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **VANESTSA KAY WAYCHOFF,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **GPM INVESTMENTS, LLC** ) | |
| Serve: ) | |
|    Robert Creigh Deeds ) | |
|    Registered Agent ) | |
|    2696 Main Street, Suite 2 ) | |
|    P.O. Drawer D ) | Case No: 1:24cv64 |
|    Hot Springs, VA 24445 ) | |
| ) | |
| and ) | **JURY TRIAL DEMAND** |
| ) | |
| **ARKO Corp.,** ) | |
| Serve: ) | |
|    Maury Bricks, R/A ) | |
|    8565 Magellan Parkway, Suite 400 ) | |
|    Richmond, Virginia 23227 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW, Plaintiff Vanessa Kay Waychoff (hereinafter, "Ms. Waychoff" or "Plaintiff"), by counsel, and states as his Complaint against Defendants GPM Investments, LLC and ARKO Corp., (hereinafter, collectively, "Fasmart" or "Defendants"), the following:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008 ("ADA"). *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

1

2. Venue is appropriate as the acts and/or omissions of Defendants from which the causes of action arise occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b)(2).

3. Due to their contacts within the Commonwealth of Virginia, Defendants avail themselves to the jurisdiction of this Court.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in February of 2024. Plaintiff received a Notice of Rights from the EEOC dated October 4, 2024 **(Exhibit A)**. Plaintiff files suit within ninety (90) days of receipt of that Notice of Rights.

5. Defendants own and operate a Fasmart convenience store located in Wise County, Virginia. Defendants employed Ms. Waychoff.

6. Ms. Waychoff is a citizen of the United States and the Commonwealth of Virginia and, at all times relevant, was employed by Fasmart. She is domiciled in Wise County.

7. Arko Corp. is headquartered in Richmond, Virginia and does business throughout the Commonwealth.

8. GPM Investments, LLC is headquartered in Richmond, Virginia and does business throughout the Commonwealth.

## II. FACTUAL ALLEGATIONS

9. Ms. Vanessa K. Waychoff was hired on or about November 11, 2021, as an Assistant Manager for ARKO Corp. and GPM Investments, LLC, collectively doing business as "Fasmart" in Wise County. This store was also known as "Store #436".

10. Ms. Waychoff met all legitimate expectations of her joint employer during the entirety of her employment.

11. Ms. Waychoff possesses disabilities that affect daily life activities such as ambulating, standing, leaning, lifting, and walking.

12. Ms. Waychoff possesses disabilities as that term is used by the Americans with Disabilities Act.

13. Ms. Waychoff is under the care of a neurologist for her disabilities.

14. At all times relevant to this matter, Ms. Waychoff's joint employers were aware of her disabilities.

15. Ms. Waychoff detailed her health condition and disabilities to her supervisor at the time of hire.

16. During her employment, Ms. Waychoff expressed her need to use a chair on occasion as an accommodation at the workplace to manage her disabilities.

17. Ms. Waychoff provided this information to management of Fasmart and requested the accommodation. Ms. Waychoff printed medical records and showed them to her supervisor indicating her disability and need for an accommodation.

18. This accommodation was granted. Shortly after her initial hire, chairs were present inside the store for Ms. Waychoff's use.

19. Fasmart had actual notice of Ms. Waychoff's disabilities and need for an accommodation.

20. Without any legitimate need to do so, Ms. Waychoff's supervisor removed all the chairs from the worksite on or about May 31, 2023. This was done intentionally so that Ms. Waychoff could not be accommodated.

21. Ms. Waychoff objected to this and again requested the accommodation for her disabilities.

22. Ms. Waychoff's supervisor rejected the accommodation request from Ms.

Waychoff.

23. The supervisor stated that no one could sit in the store and if she needed to sit, then Ms. Waychoff "should quit and find another job."

24. Ms. Waychoff was stunned as she had never violated any policies of her employer and had met every expectation.

25. On May 31, 2023, Fasmart terminated Ms. Waychoff's employment.

26. Ms. Waychoff's joint employers intentionally violated the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 et seq., and the ADA Amendments Act of 2008 ("ADA").

### COUNT I: CLAIM FOR RETALIATION IN VIOLATION OF THE ADA

27. Ms. Waychoff incorporates herein by reference the preceding paragraphs of this Complaint.

28. Specifically, and at all times relevant, Ms. Waychoff suffers from multiple spinal ailments resulting in chronic disabilities that affect daily life activities. Ms. Waychoff has had extensive medical treatment for her disabilities and is under the constant treatment of a physician.

29. In the alternative, Ms. Waychoff was regarded by Fasmart as having such disability.

30. At all times relevant, however, Ms. Waychoff could perform the essential functions of his job with an accommodation.

31. At all times relevant, Ms. Waychoff was performing her work at a satisfactory level and meeting or exceeding the legitimate business expectations of Fasmart.

32. Ms. Waychoff revealed her disability to supervisory employees and required an accommodation at the workplace.

33. Fasmart accommodating Ms. Waychoff until May of 2023 when it decided that it would no longer accommodate Ms. Waychoff. Fasmart further decided that should Ms. Waychoff still require an accommodation for work, that she be terminated from employment.

34. Fasmart terminated Ms. Waychoff's employment in retaliation for her protected activities under federal disability law.

35. In response, Ms. Waychoff was not offered the opportunity to engage in the interactive process and she was discharged.

36. Fasmart would not have terminated Ms. Waychoff but for Ms. Waychoff's requests for accommodation.

37. Any reasons given by Fasmart for its treatment of Ms. Waychoff were pretextual, as Ms. Waychoff met Fasmart's legitimate expectations.

38. Ms. Waychoff' adverse employment actions occurred under circumstances that raise a reasonable inference of unlawful retaliation based upon her protected acts pursuant to the ADA.

39. The above-described acts by Fasmart and employees of Fasmart constitute retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008. As a direct and proximate result of Fasmart's actions, Ms. Waychoff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. At all times material hereto, Fasmart engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Waychoff so as to support an award of punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

41. Ms. Waychoff incorporates herein by reference, the preceding paragraphs of this Complaint.

42. Specifically, and at all times relevant, Ms. Waychoff suffers from multiple spinal ailments resulting in chronic disabilities that affect daily life activities. Ms. Waychoff has had extensive medical treatment for her disabilities and is under the constant treatment of a physician.

43. In the alternative, Ms. Waychoff was regarded by Fasmart as having such disability.

44. At all times relevant, however, Ms. Waychoff could perform the essential functions of his job with an accommodation.

45. At all times relevant, Ms. Waychoff was performing her work at a satisfactory level and meeting or exceeding the legitimate business expectations of Fasmart.

46. Ms. Waychoff revealed her disability to supervisory employees and required an accommodation at the workplace.

47. Fasmart accommodating Ms. Waychoff until May of 2023 when it decided that it would no longer accommodate Ms. Waychoff. Fasmart further decided that should Ms. Waychoff still require an accommodation for work, that she be terminated from employment.

48. Fasmart terminated Ms. Waychoff's employment in retaliation for her protected activities under federal disability law.

49. Fasmart failed to accommodate Ms. Waychoff in violation of federal disability law.

50. Ms. Waychoff's accommodation was reasonable and would not have resulted in any hardship on the part of her employers.

51. As a direct and proximate result of Fasmart's actions, Ms. Waychoff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. At all times material hereto, Fasmart engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. Waychoff so as to support an award of punitive damages.

53. The above-described acts by Fasmart and employees of Fasmart constitute retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008.

WHEREFORE, Plaintiff Vanessa Kay Waychoff, prays for judgment against Defendants GPM Investments, LLC, and Arko Corp., jointly and severally, and for injunctive relief, equitable relief, compensatory damages, back and front wages and benefits, punitive damages, liquidated damages, together with prejudgment interest from the date of Ms. Waychoff' termination, post judgment interest, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES INCLUDING WHETHER AN ENFORCEABLE ARBITRATION AGREEMENT EXISTS BINDING THE PARTIES TO ARBITRATION.

Respectfully Submitted,

VANESSA KAY WAYCHOFF

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018
(540) 283-0802
thomas@vaemployment.law
leigh@vaemployment.law

*Counsel for Plaintiff*