## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| VANESSA KAY WAYCHOFF,<br><br>        Plaintiff,<br><br>    v.<br><br>GPM INVESTMENTS, LLC, and ARKO Corp.,<br><br>        Defendants. | Civil Action No. 1:24-cv-00064 |

### DEFENDANT GPM INVESTMENTS, LLC'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant GPM Investments, LLC ("Defendant") answers Plaintiff Vanessa Kay Waychoff's Complaint as follows:

### ANSWER

Defendant answers the allegations in Plaintiff's Complaint in correspondingly numbered paragraphs:

### I.     JURISDICTION AND VENUE

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant admits that GPM employed Ms. Waychoff and operated a fas mart convenience store located in Wise County, Virginia. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant is without knowledge or information sufficient to admit or deny where Plaintiff has resided, and on that basis denies that allegation in paragraph 6 of the Complaint. Defendant admits it employed Ms. Waychoff. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7.      Defendant admits that ARKO Corp. is headquartered in Richmond, Virginia. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

## II. FACTUAL ALLEGATIONS

9.      Defendant denies that ARKO Corp. hired Ms. Waychoff or that she worked for ARKO Corporation, that ARKO Corp. was doing business in Wise County, or that any party was doing business as "Fasmart" [sic]. Defendant admits the remaining allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11, and on that basis denies those allegations.

12.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and on that basis denies those allegations.

13.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and on that basis denies those allegations.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits chairs were present inside the store. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24, and on that basis denies those allegations.

25. Defendant admits it terminated Ms. Waychoff's employment after she abandoned her job on May 31, 2023.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

**COUNT I: CLAIM FOR RETALIATION IN VIOLATION OF THE ADA**

27. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 27 of the Complaint with the same force and effect as though fully set forth herein.

28. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28, and on that basis denies those allegations.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits Ms. Waychoff was discharged. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

**COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

41. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 40 of the Complaint with the same force and effect as though fully set forth herein.

42. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 42, and on that basis denies those allegations.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

Defendant is not required to respond to Plaintiff's prayer for relief. However, to the extent the prayer asserts allegations, Defendant denies every allegation contained therein.

## DEMAND FOR JURY TRIAL

Defendant acknowledges Plaintiff has demanded a jury trial.

## GENERAL DENIAL

To the extent not specifically, admitted or modified herein, Defendant denies each and every allegation in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Based on Defendant's knowledge of the facts to date, Defendant asserts the following affirmative defenses. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

## FIRST DEFENSE

Plaintiff fails to state, in whole and in part, a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that they rely upon alleged acts and events beyond the applicable statutes of limitations.

## THIRD DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith and were not reckless, wanton, willful, intentional, malicious, deliberate, or consciously indifferent, and any employment actions taken concerning Plaintiff occurred for legitimate business reasons.

## FOURTH DEFENSE

To the extent that any person(s) employed by Defendant committed any unlawful or other wrongful acts, such acts, if any, were outside the scope of their employment and authority, and were neither caused by, authorized, ratified, nor condoned by Defendant, nor did Defendant know or have any reason to be aware of said conduct.

## FIFTH DEFENSE

To the extent Plaintiff has failed to mitigate any claimed damages in whole or in part, she is barred from recovery, and Defendant is entitled to an offset to the extent of any mitigation by Plaintiff. Specifically, Plaintiff's damages are limited by her refusal to accept an unconditional offer to return to Defendant.

## SIXTH DEFENSE

To the extent applicable, any relief to which Plaintiff may be entitled is barred by and/or limited by the after-acquired evidence doctrine.

## SEVENTH DEFENSE

To the extent applicable, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, contributory negligence, and unclean hands.

## EIGHTH DEFENSE

To the extent Plaintiff has failed to exhaust administrative, statutory, and/or contractual remedies, her respective claims for relief are barred.

## NINTH DEFENSE

Plaintiff's alleged injuries were not directly or proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

**TENTH DEFENSE**

Without admitting any of the allegations contained in the Complaint, Plaintiff's recovery is limited by applicable damages caps and any other applicable statutory or common law damage limitations.

**ELEVENTH DEFENSE**

Without waiver of Plaintiff's burden to prove that any adverse actions were motivated by an impermissible factor, Defendant pleads that it would have taken the same actions with regard to Plaintiff in the absence of any alleged impermissible factor.

**TWELFTH DEFENSE**

Defendant is entitled to its attorney's fees and costs as the prevailing party because claims made by Plaintiff are frivolous, vexatious, without foundation, and brought in bad faith.

**THIRTEENTH DEFENSE**

Plaintiff's ADA claims fail, in whole or in part, to the extent Plaintiff did not have a "disability" within the meaning of the law and/or Defendant did not regard Plaintiff as disabled.

**FOURTEENTH DEFENSE**

Plaintiff's ADA claims are barred because Plaintiff failed to request reasonable accommodations and/or to the extent Plaintiff failed to engage in the interactive process.

**FIFTEENTH DEFENSE**

Plaintiff's ADA claims must fail to the extent any accommodations sought by Plaintiff would have resulted in undue hardship, and/or to the extent no reasonable accommodation existed that would have permitted Plaintiff to perform the essential functions of her position, and/or to the extent Plaintiff was unable to perform the essential functions of her positions in a manner that would not endanger her or others' health or safety.

## SIXTEENTH DEFENSE

Any actions taken concerning Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory business reasons and Defendant had reasonable grounds for believing that such actions did not violate the ADA.

Defendant reserves the right to plead additional defenses as appropriate.

**WHEREFORE**, Defendant, having answered the allegations of the Complaint, hereby prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff takes nothing thereby;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded its costs of defense and reasonable attorneys' fees; and

4. The Court award Defendant such other and further relief as it deems appropriate.

Dated: May 12, 2025

Respectfully submitted,

*/s/ Yvette V. Gatling*
Yvette V. Gatling, VSB 92824
ygatling@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Blvd., Suite 500
Tysons Corner, VA 22102
(703) 286-3143 Telephone
(703) 842-8211 Facsimile

*Attorney for Defendant GPM Investments, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May, 2025, a true copy of the foregoing was served the Court's CM/ECF system, which sent notice of filing to all counsel of record addressed as follows:

Thomas E. Strelka
L. Leigh R. Strelka
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018
thomas@vaemployment.law
leigh@vaemployment.law

*/s/ Yvette V. Gatling*
Yvette V. Gatling